This was an action of assumpsit in the Circuit court of Goochland county by Peter J. Archer against James and William Galt. The suit abated as to the latter by the return of "No inhabitant" upon the writ. The object of the action was to recover the freight upon certain wheat and tobacco and other articles, which the plaintiff had contracted to carry on his boat from the farms of the defendants on James river to Richmond. The declaration contained only the commonindebitatus count.
On the trial of the cause, after the plaintiff had offered evidence for the purpose of proving that a contract had been entered into between James and William Galt and himself, by which he undertook as common carrier, to receive of them their crop of wheat, and to deliver the same to the consignees in Richmond for a freight of 12½ cents per bushel; and that in pursuance of this contract he did receive the said crop and deliver a part thereof, but that the whole of the crop was not delivered to the consignees, and that a portion of that which was delivered was in an unsound and damaged *Page 308 
condition; and among other evidence introduced a letter from William Galt to himself, and an account accompanying it, which shewed that the matter of difference between them, was as to the lost and damaged wheat; in connexion, therewith and in explanation thereof, offered to introduce a witness to prove that the failure to deliver the whole of said crop and the damaged condition of a part of that delivered, resulted from inevitable accident, to wit, a storm, by which a portion of said wheat whilst in the hands of the plaintiff as common carrier was ducked in James river. To the introduction of which testimony under the pleadings in this cause, the defendant by his counsel objected; but the Court overruled the objection and admitted the testimony; and the defendant excepted.
After the evidence referred to in the first bill of exceptions had been introduced, which, with the bill of particulars, was all the evidence in the cause, the defendant by his counsel moved the Court to instruct the jury as follows: "If, from the evidence, the jury shall believe that a portion of the wheat for which freight is charged was not delivered, and a part of it was damaged and delivered to the consignee in an unsound state, then the plaintiff is not in this cause entitled to recover the freight for wheat at the rate of 12½ cents per bushel, as claimed by him in the account filed in the cause." But the Court overruled the motion and gave the following instruction, viz: "If, from the evidence, the jury shall believe that a portion of the wheat for which the freight is charged was not delivered, and a part of it was damaged and delivered to the consignee in an unsound state, then the plaintiff is not in this cause entitled to recover the freight for wheat at the rate of 12½ cents per bushel, as claimed by him in the account filed in the cause, unless the jury shall believe from the evidence, that the loss and damage were occasioned by inevitable accident; and not by the negligence of the plaintiff. And if the jury shall believe from the evidence, that the loss and damage were occasioned by the negligence *Page 309 
of the plaintiff, or could have been prevented by proper care and diligence on the part of the plaintiff, then the defendant is entitled to the full amount of the loss and damage by way of set off." To the opinion of the Court refusing the instruction asked, and giving the other, the defendant again excepted.
There was a verdict and judgment in favour of the plaintiff for 172 dollars 72 cents, with interest thereon from the 22d of July 1839, till paid; and thereupon Galt applied to this Court for a supersedeas, which was awarded.
The judgment is affirmed. *Page 310